IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD

CLINTON EUGENE GILLEY, as
Administrator of the Estate of
CARL DAVID GILLEY, Nicole Leigh Lee,
As Administrator of the Estate of
CHRISTINE TARA WARDEN GILLEY, and
Clinton Eugene Gilley and Nicole Leigh
Lee as Co-Administrators of the Estates
Of J.G. and G.G., minor children.

        Plaintiffs,

v.                                    CIVIL ACTION NO. 1:18-00536

C.H. ROBINSON WORLDWIDE, INC.,
J&TS TRANSPORT EXPRESS, INC., and
BERTRAM COPELAND

        Defendants.


                **MEMORANDUM OPINION AND ORDER**

     Pending before the court is the defendant, C.H. Robinson Worldwide, Inc.'s (hereinafter "CHR") Motion to Dismiss.  ECF No. 13.  Specifically, CHR moves to dismiss plaintiffs' claims against it because CHR contends that the claims are preempted by the Federal Aviation Administration Authorization Act of 1994 and otherwise fail to state a claim upon which relief can be granted.  Id.

   For the reasons that follow, C.H. Robinson Worldwide, Inc.'s motion (ECF No. 13) is **DENIED**.

**I. Background**

This case arises out of a motor vehicle wreck in which a tractor-trailer driven by defendant Bertram Copeland collided into a vehicle driven by Christine Gilley, resulting in the death of Christine Gilley, and her family, Carl David Gilley, J.G., and G.G. See ECF NO. 1.

Prior to the incident, C.H. Robinson Worldwide, Inc.[1] (hereinafter "CHR") engaged J&TS Transport Express, Inc.[2] (hereinafter "J&TS") to transport goods from Bay Valley Foods, LLC in Pittsburgh, Pennsylvania to Aldi, Inc. in Salisbury, North Carolina. Id. J&TS hired Copeland to transport the shipment via a tractor-trailer, which was leased to J&TS. Id. On April 13, 2017, Copeland picked up a load for transport. Id. Plaintiffs' allege that the brakes on the tractor-trailer were not properly maintained. Id. While traveling on I-77 in Mercer County, West Virginia, Copeland allegedly "burned up" the brakes on the tractor-trailer, failed to maintain control of the tractor-trailer, crossed over the median into oncoming traffic, and collided with the Gilley family's vehicle. Id.

---

[1] CHR is a federally-licensed property freight broker.
[2] J&TS is a motor carrier that hired and employed Copeland. At the time of the incident, Copeland was transporting goods in Mercer County, West Virginia.

Plaintiffs assert wrongful death claims against CHR for negligently selecting J&TS to transport the CHR Load and vicarious liability for the alleged negligence of defendants J&TS and Copeland. ECF No. 1. Defendant CHR has moved to dismiss plaintiffs' claims against it. ECF Nos. 13, 14. First, CHR argues that the Federal Aviation Administration Authorization Act of 1994 (hereinafter "FAAAA") preempts plaintiffs' negligent selection claim. See id. at p. 2. CHR contends that the FAAAA preempts state laws, including common law tort claims, that have any relation to or connection with a broker's prices, routes or services. Id. CHR argues that the plaintiffs' claim goes to the heart of CHR's services and would have a significant economic impact on those services, and thus are preempted by the FAAAA. Id. Second, CHR argues that the court should dismiss the plaintiffs' common law claim of vicarious liability because J&TS was an independent contractor, and CHR had no relationship, contractual or otherwise, with J&TS driver, Copeland. Id.

In Count V against CHR[3], the plaintiffs allege that CHR negligently selected J&TS to carry the load; specifically, because J&TS was a "new entrant" that had been operating for a

---

[3] The court will review the defendant CHR's objections in the order presented in its motion. Thus, Count V will be reviewed before Count IV is reviewed.

3

month and had not yet been rated by the Federal Motor Carrier Safety Administration, when selected by CHR. ECF Nos. 1, 33. Because the plaintiffs' specific complaint is pertinent to the motion to dismiss analysis, the complaint is as follows:

> At all relevant times, Defendant CH Robinson owed the Gilley family, and the public at large, a duty to exercise ordinary care and act reasonably in arranging transportation on public roadways, in investigating the fitness of J&TS prior to hiring the company to carry the Load on public highways and not to hire or retain a trucking company that CH Robinson knew or should have known posed a risk of harm to others and which was otherwise not competent or fit to operate CMVs on public roadways.
>
> J&TS was a brand new, inexperienced and incompetent truck company that hired an incompetent driver, Defendant Copeland.
>
> J&TS inexperience and incompetence, and hiring and retention of an incompetent and unfit driver, were direct and proximate causes of this fatal collision.
>
> Defendant CH Robinson, a sophisticated transportation services provider that is regularly engaged in the business of shipping, knew or should have known that J&TS was a new entrant, that J&TS did not have a "satisfactory" safety rating, that J&TS was an unrated motor carrier and as such, the reasonably safe course of action for CH Robinson would have been to conduct further investigation and otherwise exercise due caution with respect to J&TS, which was unfit to operate safely and provide competent transportation.
>
> Defendant CH Robinson negligently and recklessly breached each of these duties, which it owed to the motoring public, including the Gilley family, by failing to exercise due care in arranging the transportation for the Load, by hiring and/or retaining J&TS when CH Robinson either knew or should have known that J&TS posed a risk of harm to others and was otherwise incompetent and unfit to perform the

> duties of an interstate motor carrier, or intentionally chose not to know.
>
> As a foreseeable and proximate result of Defendant CH Robinson's negligent and reckless or intentional actions and omissions, in breach of its duties, the Gilley family and/or their heirs and survivors suffered and/ or will continue to suffer damages for which their estates and survivors are entitled to recover, as set forth above.
>
> Defendant CH Robinson's [sic] acted willfully, wantonly and recklessly—a willful blindness to the well-known dangers with respect to inexperienced new entrant and unrated trucking companies—and their actions and omission demonstrate a conscious disregard for the safety of others.
>
> Defendant CH Robinson is liable for the above-described actions and omissions, the damages proximately caused, and any punitive or exemplary damages.

ECF No. 1, p. 9-10.

Plaintiffs allege in Count IV against CHR that CHR "had the right to control the manner of work performed, the right to discharge, the method of payment, and/or the level of skill involved, among other things, with respect to defendant J&TS and the transportation of this Load." ECF No. 1, p. 8. Plaintiffs contend that the acts or omissions of defendant Copeland were committed within the course or scope of his employment and/or agency with CHR. See id. Plaintiffs argue that as a principal or employer of defendant Copeland, CHR is vicariously liable for the negligence and reckless conduct of defendant Copeland, the damages proximately caused, and any punitive or exemplary

5

damages.  Id.  Plaintiffs state that the actions and omissions of defendant J&TS were committed within the course and scope of J&TS' employment and/or agency with CHR.  Id.  Additionally, plaintiffs argue that "as principal or employer of Defendant J&TS, Defendant CH Robinson is vicariously liable for the negligence and reckless conduct of Defendant J&TS, the damages proximately caused thereby, and any punitive or exemplary damages.  Id.

**II.  Standard of Review for a Motion to Dismiss**

Defendant CHR moves to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6).  "[A] motion to dismiss for failure to state a claim for relief should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989) (citation omitted) (quoting Conley v. Gibson, 355 U.S. 41, 48 (1957), and Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)).  "In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997).

6

In evaluating the sufficiency of a pleading, the cases of Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), provide guidance. When reviewing a motion to dismiss, under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted, a court must determine whether the factual allegations contained in the complaint "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and, when accepted as true, "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Twombly, 550 U.S. at 562. As the Fourth Circuit has explained, "to withstand a motion to dismiss, a complaint must allege 'enough facts to state a claim to relief that is plausible on its face.'" Painter's Mill Grille, LLC v. Brown, 716 F.3d 342, 350 (4th Cir. 2013) (quoting Twombly, 550 U.S. at 570).

**III. Discussion**

a. Preemption Argument

CHR contends that the FAAAA preempts plaintiffs' negligent selection claim against CHR. ECF No. 14. Specifically, CHR

7

argues that the FAAAA preclusion of states from enacting or enforcing laws that relate to a motor carrier's or broker's prices routes, or services is applicable to the issues at hand, and thus, precludes the plaintiffs' state law tort claims against it. Id. (citing 49 U.S.C. § 14501(c)(1)).

"Preemption may be either express or implied, and is compelled whether Congress' command is explicitly stated in the statute's language or implicitly contained in its structure and purpose." Morales v. Trans World Airlines, Inc., 504 U.S. 374, 383 (1992) (citing FMC Corp. v. Holliday, 498 U.S. 52, 56-67 (1990). The U.S. Supreme Court has explained the question of whether federal law preempts state laws in an area is one of statutory intent, and courts should begin with language employed by congress and with the assumption that ordinary meaning of that language accurately expresses legislative purpose. Id.

The FAAAA, which sought to preempt state trucking regulation,[4] provides that no state may:

> enact or enforce a law, regulation, or other provision
> having the force and effect of law related to a price,

---

[4] The FAAAA replaced the then-existing patchwork of intrastate trucking laws with a uniform federal standard. The statutory language was borrowed from the Airline Deregulation Act ("ADA") and has been interpreted consistently by the Supreme Court in both settings. See generally Rowe v. New Hampshire Motor Transp. Ass'n, 552 U.S. 364 (2018). Congress intended for the preemption provision of the FAAAA to be applied in an identical manner as the preemption provision of the ADA. See Deerskin Trading Post, Inc. v. United Parcel Service of America, Inc., 972 F.Supp. 665, 668 (N.D.Ga. 1997).

8

>     route, or service of any motor carrier . . . broker, or
>     freight forwarder with respect to the transportation of
>     property.

49 U.S.C. § 14501(c)(1).

In line with this statute, the Supreme Court has held that state enforcement actions having "a connection with or reference to" carrier rates, routes or services are preempted. Rowe, 552 U.S. at 368. Such preemption may occur even if a state law's effect on rates, routes or services is only indirect. Id. Nonetheless, federal law may not preempt state laws that affect rates in only a tenuous, remote or peripheral manner. Id. (citing Morales, 504 U.S. at 390).[5] Courts have found that Congress' "related to" language has a broad scope. Federal Express Corp. v. United states Postal Service, 55 F.Supp.2d 813, 816 (W.D. Tenn. 1992). Section 14501(c)(1) requires the Court to determine whether the provision, directly or indirectly, binds the carrier to a particular price, route or service and thereby interferes with competitive market forces within the industry. Dilts v. Penske Logistics, LLC, 769 F.3d 637, 643 (9th Cir. 2014).

---

[5] In Rowe, 552 U.S. 364, the court found that the Maine Laws at issue, which regulated the delivery of tobacco to customers within the state, were preempted by federal law. Rowe was not a personal injury case. In Morales, 504 U.S. 374, the court found that a claim of deceptive airline-fare advertising under a state consumer fraud case was preempted by federal law. Morales was not a personal injury case.

9

Although Congress generally preempted state regulation of motor carries, it simultaneously carved out an exception to the rule with regard to the states' safety regulatory authority by expressly stating that the provisions of § 14501(c)(1) "shall not restrict the safety regulatory authority of a State with respect to motor vehicles." 49 U.S.C. § 14501(c)(1). To determine whether this exception applies, courts must decide whether the provision at issue is intended to be, and is, genuinely responsive to motor vehicle safety. See Dilts, 769 F.3d at 644.

Turning to the issue at hand, the court must determine whether plaintiffs' common law negligent selection claim is "related to" a price, route or service of CHR with respect to the CHR's selection of the transportation business. Even if the plaintiffs' claim has such a connection, the court must further determine whether such claims are "saved" under the safety regulatory exception. In other words, the court must decide whether personal injury negligence claims are preempted by the FAAAA under these circumstances.

CHR argues that the plaintiffs' negligent selection claim against it expressly takes issue with how CHR performed its primary service—selecting motor carriers to transport freight. ECF No. 34, p.2. In other words, "[b]y alleging that CHR failed to further or sufficiently investigate J&TS before selecting it

to transport the at-issue load, [p]laintiffs' allegations relate to and complain specifically about the manner in which CHR performed its core service." Id. at p.6. Thus, CHR contends that the plaintiffs' negligence selection claims are preempted by the FAAAA.

In response to the defendant's motion to dismiss, the plaintiffs cite to numerous district and trial court decisions from various jurisdictions that stand for the proposition that the FAAAA does not preempt state personal injury tort claims against freight brokers. ECF No. 33, p. 5. Furthermore, the plaintiffs contend that even if the court found that plaintiffs' claims against CHR satisfy paragraph (1) of the FAAAA preemption provision regarding "services," the claims would not be preempted because they fall within the "safety regulatory authority concerning motor vehicles" exception in paragraph (2)(A) of the statute. ECF No. 33, p. 13. In support of their argument, plaintiffs cite to City of Columbus v. Ours Garage and Wrecker Service, Inc., 536 U.S. 424, 429-441 (2002), where the U.S. Supreme Court states that, with respect to the FAAAA, Congress' clear purpose was "state economic regulation" and not to restrict the preexisting and traditional state police power over "safety regulations," including ones that govern motor carriers of property. Id.

11

Although the Supreme Court has address FAAAA preemption, neither it nor any federal district court of appeals has addressed whether a personal injury claim against a broker based on negligent hiring is preempted. However, many lower courts have, and this court agrees with the numerous courts which have found that personal injury negligence claims are not preempted by the FAAAA. For example, in <u>Mann v. C. H. Robinson Worldwide, Inc.</u>, No. 7:16-cv-00104, 2017 WL 3191516 (W.D. Va. July 27, 2017), the plaintiffs filed a negligent hiring action against the defendant, C. H. Robinson Worldwide, Inc., claiming that the defendant was negligent in its decision to hire the transportation business and drivers to haul a load of laundry detergent and that a reasonably prudent broker would not have done so. <u>Id.</u> At *1. This case also arose out of a collision with a tracker-trailer and drivers. <u>Id.</u> The defendant argued that "plaintiffs' negligence claims are completely preempted by federal law under the preemption provisions set forth in the FAAAA. <u>Id.</u> at *5. The <u>Mann</u> court concluded that:

> plaintiffs' negligent hiring claims are not preempted. First of all, as several other courts have noted, a negligent hiring claim as an avenue for imposing liability for an accident does not have anything more than a "tenuous, remote, or peripheral" connection to the "price, route, or service" or a broker. <u>Rowe</u>, 552 U.S. at 371. Instead, the court agrees with the <u>Montes</u> court that a personal injury suit for negligent hiring is not an attempt to regulate the "services" of a freight broker. No. 14-cv-9230, 2015 WL 1250139, at *1-2.

12

Id. at *7.

Similarly, in Owens v. Anthony, the defendant, C. H Robinson Worldwide, Inc., moved to dismiss the plaintiffs' common law negligence claims against it by arguing that the claims were preempted by the FAAAA. No. 2:11-cv-33, 2011 WL 6056409, at *1 (M.D. TN. Dec. 3, 2011). In this case, the defendant selected the transportation company whose driver of a tractor-trailer crashed into a vehicle resulting in severe personal injuries. Id. The plaintiffs brought a negligence selection claim against the defendant. See id. The Owens court held that "personal injury negligence claims are not preempted by the FAAAA" and denied the defendant's motion to dismiss on this basis. Id at *3; Morales v. Redco Transport Ltd., No. 5:14-cv-129, 2015 WL 9274068 (S.D. Tex. Dec 21, 2015) (denying broker's motion to dismiss state law tort claims based on FAAAA preemptions); Jimenez-Ruiz v. Spirit Airlines, Inc., 794 F. Supp. 2d. 344, 2011 WL 2460873 (D. Puerto Rico, June 16, 2011) (holding that personal injury claims based on a state's general negligence law are not preempted by the ADA).

The court finds the holdings in various jurisdictions persuasive and concludes that the FAAAA does not preempt the plaintiffs' state law vicarious liability claim based upon the particular facts before the court. In the present case, plaintiffs' negligent selection claim stems from a personal-

13

injury, wrongful-death action, and the court finds that this claim does not "relate to" CHR's broker services. It affects broker services in "too tenuous, remote, or peripheral manner," to fall within the purview of the statutory preemption provision. The court finds that allowing a state law remedy in the present case will not create an irreconcilable conflict between federal and state regulation. Accordingly, CHR's motion to dismiss plaintiffs' state law claim as preempted by the FAAAA is denied.

The court further concludes that, even if that state's negligent hiring claims had a sufficient impact on the price, route, or service of a broker to satisfy Paragraph (1), it would not be preempted because it would fall within the general "safety regulatory exception of paragraph (2)(A) of the preemption provision.

For these reasons, defendant CHR's Motion to Dismiss the fifth cause of action is denied.

   b. Failure to State a Claim for Vicarious Liability Argument

CHR contends that plaintiffs' claim of vicarious liability under the theory of common law agency[6] fails because J&TS was an independent contractor, and CHR had no relationship, contractual

---

[6] Plaintiffs dismissed their claim of vicarious liability under the theory of statutory employment. See ECF No. 33, footnote 12.

14

or otherwise with J&TS's driver, Copeland. CHR cites to Robertson v. Morris, 209 W. Va. 288, 291 (2001), for the general proposition that "one who hires an independent contractor is generally not responsible for injury resulting from an act or omission of the contractor or the contractor's servant." CHR's also cites to Paxton v. Crabtree, Syl. Pt. 5, 184 W. Va. 237, 240, 400 S.E.2d 245, 248 (1990) in their brief, where the Supreme Court of Appeals of West Virginia established four factors to consider when determining the question of whether an employer-employee or independent contractor relationship exists for vicarious liability purposes. These four factors are as follows: "(1) Selection and engagement of the servant; (2) Payment of compensation; (3) Power of dismissal; and (4) Power of control." Id.

The court does not find it appropriate at this juncture to delve into the question of what the nature of the relationship between CHR, J&TS, and Copeland was at the time of the accident giving rise to the case. Rather, the question immediately before the court is whether the plaintiffs' complaint "alleges 'enough facts to state a claim to relief that is plausible on its face,'" Painter's Mill Grille, LLC, 716 F.3d at 350 (quoting Twombly, 550 U.S. at 570). This determination is made by viewing the facts and circumstances in the light most

favorable to the plaintiffs.  See Mylan Laboratories, Inc., 7 F.3d at 1134; see also Ibarra, 120 F.3d at 474.

The court finds that the plaintiffs' complaint pled sufficient facts to support the contention that a claim for relief is plausible beyond mere speculation.  The plaintiffs' complaint detailed that some form of a business relationship between the parties did in fact exist and provided notice to CHR of the allegations brought against it.  ECF No. 1.  The question of the exact nature of the relationship between the parties for purposes of imposing potential liability remains to be answered by the fact finder.  See Rawls v. Associated Materials, LLC, No. 1:10-cv-01272, 2012 WL 3852875, at *4 (S.D.W. Va. Sept. 5, 2012) ("Whether an agency relationship exists is a factual question.").  Therefore, CHR's motion to dismiss claim four is denied.

### IV.  Conclusion

For the foregoing reasons, C.H. Robinson Worldwide, Inc.'s Motion to Dismiss (ECF No. 13) is **DENIED**.

The Clerk is directed to send copies of this Order to all counsel of record.

**IT IS SO ORDERED** this 28th day of March, 2019.

**ENTER:**

*David A. Faber* (signature)

David A. Faber
Senior United States District Judge