IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WESTERN DIVISION
BECKLEY DIVISION

| | |
|---|---|
| Clinton Eugene Gilley, as Administrator of the Estate of CARL DAVID GILLEY, Nicole Leigh Le, as Administrator of the Estate of CHRISTINE TARA WARDEN GILLEY, and Clinton Eugene Gilley and Nicole Leigh Le as Co-Administrators of the Estates of J.G. and G.G., minor children, <br><br> Plaintiffs, <br><br> v. <br><br> C.H. ROBINSON WORLDWIDE, INC., J&TS TRANSPORT EXPRESS, INC., BERTRAM COPELAND, M & K TRUCK LEASING, LLC, and RIVER VALLEY CAPITAL INSURANCE, INC. <br><br> Defendants. | Case No.: 1:18-cv-00536 <br><br> **JURY TRIAL DEMANDED** |

**FIRST AMENDED COMPLAINT**

Plaintiffs Clinton Eugene Gilley, as Administrator of the Estate of CARL DAVID GILLEY, deceased, and Nicole Leigh Le, as Administrator of the Estate of CHRISTINE TARA GILLEY, deceased, and Clinton Eugene Gilley and Nicole Leigh Le, as Co-Administrators of the Estates of J.G. and G.G., both deceased minors (collectively, "Plaintiffs"), by and through counsel, file this First Amended Complaint and Jury Demand against the Defendants and state as follows:

**OVERVIEW**

Defendant C.H. Robinson Worldwide, Inc. ("C.H. Robinson") hired Defendant truck company Defendant J&TS Transport Express, Inc. ("J&TS") to transport goods in a tractor-trailer from Pittsburgh, Pennsylvania to Salisbury, North Carolina. J&TS' driver, Defendant Bertram Copeland, was driving a tractor-trailer (the "tractor-trailer")

1

southbound on U.S. Interstate 77 ("I-77") near mile marker 22 in Mercer County, West Virginia, when he lost control, crossed the median into the northbound lane, and crashed into the Gilley family's northbound vehicle (the "collision"). The tractor-trailer finally came to a stop when it rolled over and burst into flames. Carl David Gilley, his wife Christine Gilley, and the couple's two children, J.G. and G.G. (the "Gilley family") were all killed in the crash.

## THE PARTIES

1.    The members of the Gilley family were resident citizens of the State of North Carolina. On or about May 18, 2017 and September 15, 2017, Clinton Eugene Gilley and Nicole Leigh Le were duly qualified and appointed as Administrators of the Estates of the Gilley family by the Probate Judge in the Superior Court Division of the State of North Carolina. Copies of the Letters of Administration are attached hereto as **Exhibit A.**

2.    Defendant Bertram Copeland is a resident and citizen of the State of Illinois and may be served with process at 1916 Kilburn Avenue, Apt. 2, Rockford, Illinois 61101.

3.    Defendant J&TS is an Illinois company with its principal place of business in Chicago, Illinois. J&TS conducts business, transports good for-hire and caused tortious injury in the State of West Virginia. J&TS is registered with the Federal Motor Carrier Safety Administration (USDOT number 2914647) and has designated Larry E. Losch, Losch & McCourt, PLLC, located at 500 Court Street, Summerville, West Virginia 26651, as its agent for service of process under 49 C.F.R. § 366.

4.    Defendant C.H. Robinson is a Delaware corporation with its principal place of business located in Eden Prairie, Minnesota. C.H. Robinson conducts continuous and systematic trucking operations in the State of West Virginia. C.H. Robinson has designated

Corporation Service Company, located at 209 West Washington Street, Charleston, West Virginia 25302, as its agent for service of process.

5. Defendant M & K Truck Leasing, LLC ("M & K") is a Michigan corporation with its principal place of business located in Byron Center, Michigan. M & K has designated Ronald Meyering, located at 8800 Byron Commerce Drive SW, Byron Center, Michigan 49315, as its agent for service of process. M & K Truck is a limited liability company that, upon information and belief, has members who are citizens of Michigan and not West Viriginia.

6. Defendant River Valley Capital Insurance, Inc. ("River Valley") is an Iowa corporation with its principal place of business located in Dubuque, Iowa. River Valley has designated Davin Curtiss, located at 1000 Main Street, Dubuque, Iowa 52001, as its agent for service of process.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs.

8. Once served, the Defendants are subject to the personal jurisdiction of this Court pursuant to West Virginia's long arm statute (W. Va. Code §§ 56-3-33 and 31D-15-1501(d)(1)) because, *inter alia,* Defendant Bertram Copeland caused tortious injury in West Virginia, Defendant J&TS committed a tort in West Virginia and regularly transports goods on West Virginia's highways, and Defendant C.H. Robinson has a registered agent and conducts continuous and systematic trucking operations in West Virginia.

9. Venue is properly conferred under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims (that is, the fatal collision) occurred in this District.

## BACKGROUND FACTS

10. All allegations and statements contained above are incorporated by reference as if restated herein verbatim.

11. Defendant C.H. Robinson hired new-entrant J&TS to transport goods from Bay Valley Foods, LLC in Pittsburgh, Pennsylvania to Aldi, Inc. in Salisbury, North Carolina (the "Load").

12. Defendant C.H. Robinson is identified on the Bill of Lading for the Load as the "motor carrier."

13. On or about April 13, 2017, J&TS driver Defendant Bertram Copeland picked up and transported the Load in the tractor-trailer.

14. At all relevant times, the tractor-trailer consisted of a 2010 Mack Truck Tractor, which was leased to Defendant J&TS, and an attached trailer loaded with goods from Bay Valley Foods, LLC.

15. At all relevant times, the tractor-trailer had a Gross Vehicle Weight Rating ("GVWR") of 80,000 pounds; it was a commercial motor vehicle ("CMV"); and it was operated under the USDOT number assigned to Defendant J&TS, USDOT number 2914647.

16. Operation of the tractor-trailer on the public highways involved the risk of physical harm unless it was carefully and skillfully done.

17. The brakes on the tractor-trailer were not maintained properly; among other things, the air brake pressure was dangerously low.

4

18. In the course of transporting the load on a straight, dry grade of marked highway, at approximately 5:30 p.m. on April 13, 2017, on I-77 at mile marker 22 in Mercer County, West Virginia, Defendant Bertram Copeland—due to inexperience, poor training, insufficient vehicle maintenance, or worse, conscious decision—burned up the brakes on the trailer and then on the tractor, failed to maintain control of the tractor-trailer, crossed from the southbound lane of the highway over the median into oncoming traffic in the northbound lane, crashed into the Gilley family vehicle, rolled over and then burst into flames.

19. Christine Gilley was driving at the time; Carl David Gilley, J.G., and G.G. were passengers. The entire Gilley family was killed as a result of the negligent and reckless conduct of the Defendants.

20. Plaintiffs bring this action as Administrators pursuant to, and as authorized by, West Virginia's wrongful-death statute (WV Code §§ 55-7-5 AND 55-76), on behalf of, and for the benefit of, the respective survivors and estates of the Gilley family.

21. By reason of the wrongful death of the members of the Gilley family, their respective estates and survivors have the right to recover for damages with respect to conscious pain and suffering and death, as well as for sorrow, mental anguish, and solace which includes society, companionship, comfort, guidance, kindly offices and advice of the decedent; and other damages which are deemed fair and just.

### COUNT I – NEGLIGENCE AND RECKLESSNESS<br>AGAINST DEFENDANT BERTRAM COPELAND

22. All facts and allegations above are incorporated by reference as if restated verbatim.

23. Defendant Bertram Copeland had a duty to inspect the tractor-trailer and its brakes; use reasonable care to maintain, operate and control the tractor-trailer; arrange the logistics for the load; and obey all traffic laws.

24. Defendant Bertram Copeland breached these duties by driving the tractor-trailer when it was in an unsafe condition, improperly operating the brakes, driving at an unsafe speed, failing to maintain his lane and control of the tractor-trailer, and going across the median and striking the Gilley family vehicle. The breach of one or more of these duties caused severe injuries, and ultimately the wrongful death, of all four members of the Gilley family.

25. As a foreseeable and proximate result of Defendant Bertram Copeland's negligent and reckless actions and omissions, in breach of his duties, the Gilley family and their heirs and survivors suffered and/or will continue to suffer damages for which their estates and survivors are entitled to recover, as set forth above.

26. Defendant Bertram Copeland acted willfully, wantonly and recklessly, and his actions and omissions demonstrate a conscious disregard for the safety of others.

27. Defendant Bertram Copeland is liable for the above-described actions and omissions, the damages proximately caused, and any punitive or exemplary damages.

### COUNT II – VICARIOUS LIABILITY AGAINST J&TS

28. All facts and allegations above are incorporated by reference as if restated verbatim.

29. The negligent and reckless actions and omissions of Defendant Bertram Copeland as set forth in Count I above were committed within the course and scope of his employment and/or agency with Defendant J&TS.

30. As employer or principal of Defendant Bertram Copeland, Defendant J&TS is vicariously liable for the negligent and reckless actions and omissions of Defendant

Bertram Copeland, the damages proximately caused, and any punitive or exemplary damages.

31. Defendant J&TS also is vicariously liable for the collision as a motor carrier for the load, and a statutory employer of Defendant Bertram Copeland, under the Federal Motor Carrier Safety Regulations (the "FMCSRs").

### COUNT III – NEGLIGENCE AND RECKLESSNESS AGAINST J&TS

32. All facts and allegations above are incorporated by reference as if restated verbatim.

33. Defendant J&TS owed the Gilley family, and the public at large, a duty to act reasonably in arranging transportation on public highways; in maintaining vehicles and other equipment in a safe condition; and in hiring, training, supervising, and retaining individuals they hire to competently and safely operate commercial motor vehicles on public roadways.

34. Defendant J&TS breached these duties by failing to exercise reasonable care in arranging transportation of this load; failing to maintain and use safe vehicles and other equipment; and by not being reasonably careful when hiring, training, supervising and retaining Defendant Bertram Copeland to operate the tractor-trailer and transport this load.

35. Defendant J&TS agreed to transport the load even though it had no experience with commercial motor vehicle transportation.

36. Defendant J&TS hired, retained and selected Defendant Bertram Copeland to drive the approximately 80,000 pound (GVWR) tractor-trailer on public highways, which involved risk of physical harm unless it was skillfully and carefully done.

37. Defendant Bertram Copeland was incompetent, unskilled and unqualified to transport the load, including have 8 moving traffic violations in the 5 years prior to the collision.

38. The collision—Defendant Bertram Copeland losing control of the tractor-trailer, driving over the median directly into oncoming traffic and crashing into the Gilley family's vehicle—arose from J&TS's improper maintenance of the tractor-trailer and Mr. Copeland's incompetence.

39. Defendant J&TS failed to use reasonable care in maintaining the tractor-trailer, including its brakes and gauges, and in hiring and retaining Defendant Bertram Copeland when it knew or should have known of Bertram Copeland's incompetence.

40. Defendant J&TS failed to conduct an adequate investigation into Defendant Bertram Copeland's background and skills, failed to provide adequate training to Defendant Bertram Copeland so that he could safely operate large tractor-trailers on the public roadways, and retained Defendant Bertram Copeland and put him on public roadways when it was unsafe for him to do so.

41. As a foreseeable and proximate result of Defendant J&TS's negligent and reckless actions and omissions, in breach of its duties, the Gilley family and their heirs and survivors suffered and/or will continue to suffer damages for which their estates and survivors are entitled to recover, as set forth throughout this complaint.

42. Defendant J&TS acted willfully, wantonly and recklessly, and their actions and omissions demonstrate a conscious disregard for the safety of others.

43. Defendant J&TS is liable for the above-described actions and omissions, the damages proximately caused, and any punitive or exemplary damages.

### COUNT IV – VICARIOUS LIABILITY AGAINST C.H. ROBINSON

44. All facts and allegations above are incorporated by reference as if restated verbatim.

45. Defendant C.H. Robinson had the right to control the manner of work performed, the right to discharge, the method of payment, and/or the level of skill involved, among other things, with respect to Defendant J&TS and the transportation of this load.

46. At all times relevant, Defendant C.H. Robinson acted through their employees or agents who were acting within the scope of their employment or agency with C.H. Robinson.

47. The actions and omissions of Defendant Bertram Copeland set forth in Count I herein were committed within the course and scope of his employment and/or agency with Defendant C.H. Robinson.

48. As principal or employer of Defendant J&TS, Defendant C.H. Robinson is vicariously liable for the negligence and reckless conduct of Defendant J&TS, the damages proximately caused thereby, and any punitive or exemplary damages.

49. The actions and omissions of Defendant J&TS set forth in Count III herein were committed within the course and scope of J&TS's employment and/or agency with Defendant C.H. Robinson.

50. As principal or employer of Defendant J&TS, Defendant C.H. Robinson is vicariously liable for the negligence and reckless conduct of Defendant J&TS, the damages proximately caused thereby, and any punitive or exemplary damages.

51. Defendant C.H. Robinson also is vicariously liable for the collision as a motor carrier for the load, and statutory employer of Defendants Bertram Copeland and J&TS, under the FMCSRs.

**COUNT V – NEGLIGENCE AND RECKLESSNESS AGAINST C.H. ROBINSON**

52. All facts and allegations above are incorporated by reference as if restated verbatim.

53. At all relevant times, Defendant C.H. Robinson owed the Gilley family, and the public at large, a duty to exercise ordinary care and act reasonably in arranging transportation on public roadways, in investigating the fitness of J&TS prior to hiring the company to carry the load on public highways and not to hire or retain a trucking company that C.H. Robinson knew or should have known posed a risk of harm to others and which was otherwise not competent or fit to operate CMVs on public roadways.

54. J&TS was a brand new, inexperienced and incompetent truck company that hired an incompetent driver, Defendant Bertram Copeland.

55. J&TS's inexperience and incompetence, and hiring and retention of an incompetent and unfit driver, were direct and proximate causes of this fatal collision.

56. Defendant C.H. Robinson, a sophisticated transportation services provider that is regularly engaged in the business of shipping, knew or should have known that J&TS was a new entrant, that J&TS did not have a "satisfactory" safety rating, that J&TS was an unrated motor carrier and as such, the reasonably safe course of action for C.H. Robinson would have been to conduct further investigation and otherwise exercise due caution with respect to J&TS, which was unfit to operate safely and provide competent transportation.

57. Defendant C.H. Robinson negligently and recklessly breached each of these duties, which it owed to the motoring public, including the Gilley family, by failing to exercise due care in arranging the transportation for the load, by hiring and/or retaining J&TS when C.H. Robinson either knew or should have known that J&TS posed a risk of harm to others and was otherwise incompetent and unfit to perform the duties of an interstate motor carrier, or intentionally chose not to know.

58. As a foreseeable and proximate result of Defendant C.H. Robinson's negligent and reckless or intentional actions and omissions, in breach of its duties, the Gilley family

and/or their heirs and survivors suffered and/or will continue to suffer damages for which their estates and survivors are entitled to recover, as set forth above.

59. Defendant C.H. Robinson acted willfully, wantonly and recklessly—a willful blindness to the well-known dangers with respect to inexperienced new entrant and unrated trucking companies—and their actions and omissions demonstrate a conscious disregard for the safety of others.

60. Defendant C.H. Robinson is liable for the above-described actions and omissions, the damages proximately caused, and any punitive or exemplary damages.

## COUNT VI – NEGLIGENCE OF M & K LEASING

61. All facts and allegations above are incorporated by reference as if restated verbatim.

62. M & K Leasing is the owner of the trailer involved in this collision.

63. M & K Leasing had a duty to act reasonably in repairing and maintaining its trailer, including the trailer brakes and automatic brake slack adjusters.

64. M & K Leasing negligently and recklessly breached its aforementioned duties, and those breaches directly and proximately caused the damages described in this complaint.

65. M & K Leasing's conduct demonstrated a conscious disregard of the known risks to the Gilley family and the rest of the public.

## COUNT VIIII –NEGLIGENCE OF RIVER VALLEY

66. All facts and allegations above are incorporated by reference as if restated verbatim.

67. Defendant River Valley undertook to perform services, including evaluating and screening new-hire drivers for J&TS Transport Express, Inc, that it knew, or should have known, were necessary for the protection of the motoring public, including plaintiffs; and

    a. Defendant River Valley failed to exercise reasonable care in performing those services;

      b. Defendant River Valley's performance increased the risk of harm to the Plaintiff;

      c. One of the causes of the harm suffered is J&TS reliance on Defendant River Valley's performance; and

      d. Defendant River Valley's performance was the duty of the other to the Plaintiff.

68. Defendant River Valley was involved in a joint venture with some or all other named Defendants.

69. As a direct and proximate cause of Defendant River Valley's carelessness and negligence, Plaintiff's decedent suffered injuries and death.

70. Defendant River Valley negligently and recklessly breached the duties described above, which directly and proximately caused the damages described in this complaint.

71. Defendant River Valley's conduct demonstrated a conscious disregard of the known risks to the Gilley family and the rest of the public.

    WHEREFORE, the Plaintiffs demand judgment against the Defendants for an amount that will fully, fairly, and reasonably compensate the members of the Gilley family, and their heirs and survivors, as follows:

      a. compensatory damages for the conscious pain and suffering of the members of the Gilley family prior to their deaths;

      b. compensatory damages, including for sorrow, mental anguish, and solace, which includes loss of society, companionship, comfort, guidance, kindly offices, and advice of the decedent; and other damages which are deemed fair and just;

      c. attorney's fees, costs, and expenses;

    d. pre- and post-judgment interest at the maximum rate permitted by law;

    e. punitive or exemplary damages; and

    f. further and additional relief as may be available and warranted under the circumstances of this case.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,

s/ Michael Jay Leizerman
Michael Jay Leizerman
Rena M. Leizerman
LEIZERMAN & ASSOCIATES
3450 W. Central Avenue, Suite 328
Toledo, OH 43606
Phone: (800) 628-4500
Facsimile: (888) 838-8828
michael@leizerman.com
rena@leizerman.com

Joseph V. Camerlengo
CAMERLENGO & ANDERSON
1200 Riverplace Boulevard, Suite 902
Jacksonville, FL 32207
Phone: (904) 306-9220
Facsimile: (904) 305-9221
jvc@truckcrashlaw.com

*Attorneys for Plaintiffs*

s/ Dino S. Colombo
Dino S. Colombo (WV Bar No. 5066)
Travis T. Mohler
COLOMBO LAW
341 Chaplin Road, Second Floor
Morgantown, WV 26501
Phone: (304) 599-4229
Facsimile: (304) 599-3861
dinoc@colombolaw.com
travism@colombolaw.com

James R. Parrish
Parrish Law Firm, PLLC
9214 Center Street, Third Floor
Manassas, VA 20110
Phone: (571) 229-1800
Facsimile: (571) 229-1818
jparrish@theparrishlawfirm.com