IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

Clinton Eugene Gilley, as Administrator
of the Estate of CARL DAVID GILLEY,
Nicole Leigh Le, as Administrator of the
Estate of CHRISTINE TARA WARDEN GILLEY,
and Clinton Eugene Gilley and Nicole
Leigh Le as Co-Administrators of the
Estates of J.G. and G.G., minor children,

    Plaintiffs,

v.                        CIVIL ACTION NO. 1:18-00536

C.H. ROBINSON WORLDWIDE, INC.,
J&TS TRANSPORT EXPRESS, INC.,
BERTRAM COPELAND, M&K TRUCK LEASING, LLC,
and RIVER VALLEY CAPITAL INSURANCE, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court[1] is defendant River Valley Capital Insurance, Inc.'s ("River Valley") motion to dismiss for lack of personal jurisdiction. (ECF No. 98). For the reasons that follow, the motion to dismiss is **GRANTED.**

---

[1] Also pending before the court is defendant M & K Truck Leasing, LLC's motion to vacate Scheduling Order and Other Orders. (ECF No. 105.) That motion was filed on May 22, 2019. (See id.) On July 3, 2019, the court entered a Stipulated Amended Scheduling Order, (ECF No. 115), based on a joint proposed amended scheduling order submitted by all parties, including defendant M&K Truck Leasing. (See ECF No. 113.) Because the court entered the Stipulated Amended Scheduling Order, (ECF No. 115), the court **DENIES AS MOOT** defendant M&K Truck Leasing, LLC's motion to vacate Scheduling Order and Other Orders. (ECF No. 105.)

I.    **Procedural and Factual Background**

   *A. The 2017 accident and plaintiffs' claims against non-*
      *moving defendants*

   This lawsuit stems from an April 13, 2017 trucking accident
that occurred in Mercer County, West Virginia.  (See ECF No. 85
¶ 18.)  Plaintiffs allege that due to inexperience, poor
training, and insufficient vehicle maintenance, defendant
Bertram Copeland burned up the brakes on the tractor-trailer and
failed to maintain control of the tractor-trailer.  The tractor-
trailer driven by defendant Copeland then crossed the median
into oncoming traffic and struck the vehicle containing Carl
David Gilley, Christine Gilley, and their children J.G. and G.G.
(collectively referred to as the "Gilley family").  (Id.)
Plaintiffs allege that defendant Copeland was employed by J&TS
Transport Express, Inc. ("J&TS") and that C.H. Robinson
Worldwide, Inc. ("C.H. Robinson") hired J&TS to transport goods
in a tractor-trailer. (Id. ¶¶ 11, 13.)  Plaintiffs also allege
that the trailer involved in the accident was owned by M&K
Leasing.  (Id. ¶ 62.)

   *B. Plaintiffs' claims against River Valley*

   Plaintiffs assert a negligence claim against River Valley
(Count VII), averring that River Valley performed "services,
including evaluating and screening new-hire drivers for J&TS,

that River Valley knew, or should have known, were necessary for the protection of the motoring public, including plaintiffs" and that it "(a) failed to exercise reasonable care in performing those services; (b) Defendant River Valley's performance increased the risk of harm to the Plaintiff; (c) One of the causes of the harm suffered is J&TS reliance on Defendant River Valley's performance; and, (d) Defendant River Valley's performance was the duty of the other to the Plaintiffs." (Id. ¶ 67(a-d).) Plaintiffs also allege that River Valley was involved in a joint venture with some or all of the other named defendants. (Id. ¶ 68.)

### C. River Valley's motion to dismiss for lack of personal jurisdiction

On May 8, 2019, defendant River Valley filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. (ECF No. 98.) River Valley argues that plaintiffs have not set forth allegations that would subject it to personal jurisdiction in West Virginia under the state's long arm statute. (See ECF No. 99 (citing W. Va. Code §§ 56-3-33, 31D-15-1501(d)(1)).) It points out that plaintiffs' claims against River Valley do not arise out of any activity that occurred within the State of West Virginia, nor do the claims arise out of activities River Valley directed at the

residents of West Virginia.  River Valley also submits an affidavit by its President, Tom Friedel, which avers the following:

3.   River Valley is a corporation which is incorporated in Iowa and has its principal place of business at 14868 West Ridge Lane, Suite 200, Dubuque, Iowa.

5.   River Valley is an insurance agency that is domiciled in Iowa.

6.   River Valley is the insurance agency for one of the defendants, in this lawsuit, J&TS, an Illinois corporation with its principal place of business in Chicago, Illinois.

7.   River Valley is not registered or otherwise authorized by the Department of State of the State of West Virginia to do business in West Virginia.

8.   River Valley does not maintain an agent for service of process in West Virginia.

9.   River Valley does not direct any advertisements specifically to the citizens, residents, or businesses of West Virginia.

10.  River Valley does not own or lease any real or personal property in West Virginia.

11.  River Valley does not maintain any bank accounts in West Virginia.

12.  River Valley does not have a mailing address in West Virginia.

13.  River Valley does not maintain any telephone numbers in West Virginia.

14.  River Valley does not contract with any third party in West Virginia for business purposes related to sale of insurance, nor has River Valley

engaged in any joint venture with any third party located in West Virginia.

15. River Valley does not exert control over any West Virginia insurance agencies, nor does River Valley hold out any West Virginia individuals or entities as being agents or representatives of River Valley.

16. None of River Valley's 19 employees, officers, or directors is located in West Virginia.

17. River Valley has never filed taxes or administrative reports in West Virginia.

18. River Valley's revenue obtained through sales to businesses or individuals located in West Virginia constitutes 0.000006% of its income.

19. Information about River Valley may be accessed on the internet from anywhere in the world, including West Virginia, at http://rivervalleycapital.com/insurance/, but that website is not directed specifically at West Virginia, nor can any product sold by River Valley be purchased through the website.

20. In order to purchase insurance through River Valley, a customer must first call the River Valley telephone number, which is an Iowa telephone number, or come to the office in Dubuque, Iowa, to meet with an agent.

22. River Valley was asked by J&TS to add Bertram Copeland to J&TS's commercial trucking policy. River Valley conducted a DMV background check on Bertram Copeland and provided the results to the company that underwrote the commercial trucking policy, National Liability & Fire Insurance Co., who then added Bertram Copeland as an approved driver on J&TS's commercial trucking policy. River Valley did not make any recommendations as to whether or not Bertram Copeland should or should not be employed by J&TS or whether Bertram Copeland was fit or unfit to operate a motor vehicle or commercial truck.

23. The commercial trucking policy to which Bertram
    Copeland was added as an approved driver was
    written in the State of Illinois.

24. All of the activities that River Valley undertook
    as it relates to the requested services from J&TS
    took place in Iowa.

(ECF No. 98, Ex. 1 ¶¶ 3, 5-20, 22-24.)  River Valley argues that

for these reasons it is not subject to general personal

jurisdiction because it is not "at home" in West Virginia, nor

have plaintiffs alleged sufficient minimum contacts to subject

it to specific personal jurisdiction in West Virginia.  (See ECF

No. 99.)

Plaintiffs respond that there are sufficient contacts

between River Valley and West Virginia for this court to

exercise personal jurisdiction over River Valley.  (See ECF No.

116.)  Specifically, plaintiffs point to several facts that they

allege create jurisdiction:  River Valley's website[2] notes that

River Valley has "the capability of serving Nationwide"; "River

Valley added defendant truck driver Copeland to an interstate

commercial motor vehicle policy"; "an agent of River Valley

Capital Insurance stated Copeland 'was eligible to be added to

the [insurance] policy'"; and River Valley's admission that West

Virginia constitutes 0.000006% of its income shows that River

---

[2] https://rivervalleycapitalinsurance.com/

Valley does in fact conduct some business in West Virginia.

(Id.)  Plaintiffs also argue that if the court finds plaintiffs have not yet alleged facts creating personal jurisdiction, the court should grant plaintiffs the opportunity to conduct reasonable, limited discovery to learn the full nature and extent of River Valley's commercial contacts with this forum. (Id.)

River Valley filed a Reply, countering that its website being available in West Virginia does not constitute the kind of purposeful availment to establish sufficient minimum contacts; the fact that it performs work outside of West Virginia for an interstate trucking company which might hypothetically do business in or through West Virginia also does not show purposeful, intentional contact with West Virginia; its determination of defendant Copeland's eligibility occurred entirely outside West Virginia; and the fact that River Valley draws a miniscule percentage of its income from business in West Virginia does not create general personal jurisdiction because it does not make River Valley "at home" in West Virginia, and does not create specific personal jurisdiction because such a miniscule percentage is insufficient to demonstrate purposeful availment.  (ECF No. 117.)  River Valley also argues that jurisdictional discovery should not be permitted because

plaintiffs have not set forth a prima facie case of personal jurisdiction and merely want to conduct a fishing expedition to hope to find some basis of asserting personal jurisdiction. (Id.)

## II. <u>Standard of Review for Motion to Dismiss for Lack of Personal Jurisdiction</u>

Under Federal Rule of Civil Procedure 12(b)(2), a court may dismiss claims for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). "When a non-resident defendant files a motion pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure challenging the court's power to exercise personal jurisdiction, 'the jurisdictional question thus raised is one for the judge, with the burden on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence.'" <u>Felman Prod. v. Bannai</u>, 517 F. Supp. 2d 824, 827-28 (S.D.W. Va. 2007) (quoting <u>Combs v. Bakker</u>, 886 F.2d 673, 676 (4th Cir. 1989)). "Where, as here, the district court addresses the question of personal jurisdiction on the basis of motion papers, supporting legal memoranda, and the allegations in the complaint, the plaintiff bears the burden of making a prima facie showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." <u>Consulting Eng'rs Corp. v. Geometric Ltd.</u>, 561 F.3d 273, 276 (4th Cir.

2009).  "In considering whether the plaintiff has met this burden, the district court must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction."  Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 558 (4th Cir. 2014) (citation omitted).

## III.  **Discussion**

A federal court sitting in diversity, "has personal jurisdiction over a non-resident defendant if (1) an applicable state long-arm statute confers jurisdiction and (2) the assertion of that jurisdiction is consistent with constitutional due process."  Perdue Foods LLC v. BRF S.A., 814 F.3d 185, 188 (4th Cir. 2016) (quoting Nichols v. G.D. Searle & Co., 991 F.2d 1195, 1199 (4th Cir. 1993)).  Here, because the West Virginia long-arm statute "'is coextensive with the full reach of due process,' the court need not conduct 'the normal two-step formula.'"  Knisely v. Nat'l Better Living Ass'n, 2015 WL 1868819, at *8 (N.D.W. Va. Apr. 23, 2015) (quoting In re Celotex Corp., 124 F.3d 619, 627 (4th Cir. 1997)).  Thus, the court's statutory inquiry merges with the constitutional inquiry and the court need only consider whether the exercise of personal jurisdiction would be consistent with the Due Process Clause. See id.  "A court's exercise of jurisdiction over a nonresident

defendant comports with due process if the defendant has 'minimum contacts' with the forum, such that to require the defendant to defend its interests in that state 'does not offend traditional notions of fair play and substantial justice.'" Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d at 397 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

### A. General Personal Jurisdiction

There are two types of personal jurisdiction: general and specific. A court may exercise general personal jurisdiction over a non-resident, corporate defendant if the defendant's contacts with the forum state are so "continuous and systemic" as to render the defendant "at home" in the forum state. See Daimler AG v. Bauman, 571 U.S. 117, 139 (2014). Generally, a corporation is at home only where it has its place of incorporation and its principal place of business. See id. at 137.

It is abundantly clear that River Valley is not "at home" in West Virginia. River Valley's contacts with West Virginia are nowhere near being continuous and systematic. River Valley is incorporated in Iowa and has its principal place of business in Iowa. (ECF No. 98, Ex. 1 ¶ 3.) Plaintiffs have made no assertions and or shown any facts challenging these statements

and demonstrating that River Valley is incorporated in or has its principal place of business in West Virginia.  On the contrary, River Valley is not registered to do business in West Virginia, has no officers located in or employees stationed in West Virginia, and seems to scarcely do any business in West Virginia at all.  (Id. Ex. 1 ¶¶ 3-24.)  As such, River Valley is not subject to general personal jurisdiction in the state of West Virginia.

### B. Specific Personal Jurisdiction

A court may exercise specific personal jurisdiction over the corporate defendant if the defendant has "'purposefully established minimum contacts in the forum State' such 'that [it] should reasonably anticipate being haled into court there.'" Perdue Foods, 814 F.3d at 189 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985)).  The Fourth Circuit has directed courts to use the following three-pronged test to determine whether specific personal jurisdiction exists: (1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the forum state; (2) whether the plaintiff's claims arose out of those activities; and (3) whether the exercise of personal jurisdiction is constitutionally reasonable.  Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 559 (4th Cir. 2014).

*i. No purposeful availment*

When determining whether a plaintiff has met the first prong of this analysis, the Fourth Circuit directs courts to consider the following (nonexclusive) factors:

> (1) whether the defendant maintains offices or agents in the forum state; (2) whether the defendant owns property in the forum state; (3) "whether the defendant reached into the forum state to solicit or initiate business; (4) whether the defendant deliberately engaged in significant or long-term business activities in the forum state; (5) "whether the parties contractually agreed that the law of the forum state would govern disputes; (6) whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business relationship; (7) the nature, quality and extent of the parties' communications about the business being transacted; and (8) whether the performance of contractual duties was to occur within the forum.

Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 278 (4th Cir. 2009) (citations omitted and formatting modified). If, and only if, a plaintiff can satisfy the first prong should a court move to consider the second and third prongs. Id.

None of these factors are met in the instant case.[3]  Factors (1), (2), (5), (6), and (7) can be dealt with summarily, as they have been established by a sworn affidavit and plaintiffs have not established any facts which could result in a different

---

[3] But even if one of these factors were met and prong (1) satisfied, prong (2) would not be satisfied because plaintiffs' claims do not arise or relate to River Valley's minimum, purposeful contacts with West Virginia.

conclusion.  River Valley (1) does not maintain offices or
agents in West Virginia; (2) does not own property in West
Virginia; (5) has not contractually agreed that the law of West
Virginia would govern any of its disputes or potential disputes;
(6) did not have contact with any resident in West Virginia
regarding its insurance services; and (7) conducted all relevant
services – communicating with and providing services to
defendant J&TS, conducting the DMV background check on defendant
Copeland, and providing the results to National Liability & Fire
Insurance Co. – in Iowa and not in West Virginia.  (See ECF No.
98, Ex. 1 ¶¶ 3-24.)  Factors (3), (4), and (8) require greater
attention, though, as these factors were the ones plaintiffs
appeared to challenge in their Response.  (See ECF No. 116.)

Plaintiffs assert that River Valley's website shows River
Valley's solicitation of West Virginia business, as the website
is accessible by consumers in West Virginia and states that
River Valley has "the capability of serving Nationwide".  (See
id.)  This argument is not supported by law for two reasons.

First, plaintiffs state no facts showing that the website
is specifically targeted towards persons in West Virginia, and
thus River Valley cannot be considered to be reaching into or
soliciting business in West Virginia on this basis.  See Fidrych
v. Marriott Int'l, Inc., 2020 WL 986674, at *12 (4th Cir. Mar.

13

2, 2020) ("[T]he mere fact that the website is accessible in a given state does not mean that [a defendant] is targeting its activities at that state."). The website's statement that River Valley has "the capability of serving Nationwide" is not evidence that the website specifically targets West Virginia consumers.

Second, the website appears to be a passive rather than interactive website, as the website conveys information but consumers cannot purchase any River Valley products or services through that website. (ECF No. 98, Ex. 1 ¶ 19.) This kind of passive website is insufficient to grant specific personal jurisdiction over the website operator. HSBC Bank USA, Nat. Ass'n v. Resh, 2015 WL 4772524, at *3 (S.D.W. Va. Aug. 12, 2015) ("[I]f the defendant runs a passive site that 'merely makes information available,' the fact that the website can be accessed by residents in a different state is insufficient to give courts in that state personal jurisdiction over the defendant." (quoting Carefirst of Maryland, Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 399 (4th Cir. 2003))).[4]

---

[4] Additionally, even if the website was targeted towards West Virginia such that it is sufficient to satisfy factor (3) of prong (1), the website would fail prong (2). See Universal Leather, 773 F.3d at 559. This is because plaintiffs do not allege that River Valley's website is related in any way to the actions at issue in this case. Accordingly, the court cannot

14

While plaintiffs point to the fact that West Virginia constitutes 0.000006% of River Valley's income, this is insufficient to demonstrate the "significant or long-term business activities in the forum state" that factor (4) requires.   A miniscule percentage of income such as 0.000006% cannot be considered significant.   Furthermore, plaintiffs have not put forth a single example of other business River Valley has done in West Virginia, much less demonstrated a long-term pattern of West Virginia business activities.   Nor have plaintiffs demonstrated how the transactions that served as the basis for River Valley's 0.000006% of income in West Virginia have any connection to plaintiffs' current cause of action against River Valley.   And as the Supreme Court has expressed, minimal business activity is "not enough to warrant a State's assertion of in personam jurisdiction over a nonresident corporation in a cause of action not related to those . . .

---

exercise specific personal jurisdiction over River Valley in this case based upon its website.  See Pomeroy, Inc. v. GHL Int'l, Inc., 2009 WL 10688836, at *8 (S.D.W. Va. Feb. 18, 2009) ("Unique Balance does not allege GHL International's website served any function in the formation or performance of the contracts at issue in this litigation. Accordingly, "the cause of action does not 'arise out of' [GHL International's] website and the court cannot properly exercise specific personal jurisdiction over [GHL International] on this basis" (quoting Reynolds & Reynolds Holdings, Inc. v. Data Supplies, Inc., 301 F. Supp. 2d 545, 553 (E.D. Va. 2004))).

transactions." <u>Helicopteros Nacionales de Colombia, S.A. v.</u>
<u>Hall</u>, 466 U.S. 408, 418 (1984).

The core of factor (8) is about foreseeability: whether a
defendant should find it foreseeable that, based on its
contracted responsibilities, it is likely to be required to
perform its duties in the forum state. Here, River Valley
performed all its contractual duties in Iowa, as requested by
defendant J&TS, an Illinois entity, for an insurance policy that
was written in Illinois. (<u>See</u> ECF No. 99, at p.12.) Thus,
River Valley did not perform any actions relevant to this case
in West Virginia, nor does it appear remotely foreseeable that
River Valley would perform any actions in or affecting West
Virginia. River Valley added persons to an interstate
commercial motor vehicle policy. Plaintiffs appear to make the
argument that this makes it sufficiently foreseeable that River
Valley's performance of its duties would affect West Virginia.
This argument, relying on the stream of commerce theory,
likewise fails to create specific personal jurisdiction over
River Valley.

Even if River Valley performed an act and it was aware that
the effects of that action could touch West Virginia – such as
its act here in certifying a truck driver for an interstate
commercial insurance policy, which could then result in the

driver driving in West Virginia - this awareness is itself
insufficient to find the kind of purposeful availment of the
forum state required before specific personal jurisdiction is
properly found. As the Supreme Court explained in Asahi,

> The placement of a product into the stream of
> commerce, without more, is not an act of the defendant
> purposefully directed toward the forum State.
> Additional conduct of the defendant may indicate an
> intent or purpose to serve the market in the forum
> State, for example, designing the product for the
> market in the forum State, advertising in the forum
> State, establishing channels for providing regular
> advice to customers in the forum State, or marketing
> the product through a distributor who has agreed to
> serve as the sales agent in the forum State. But a
> defendant's awareness that the stream of commerce may
> or will sweep the product into the forum State does
> not convert the mere act of placing the product into
> the stream into an act purposefully directed toward
> the forum State.

Asahi Metal Indus. Co. v. Superior Court of California, Solano

Cty., 480 U.S. 102, 112 (1987). Here, plaintiffs have not

demonstrated the presence of any of this additional conduct.

See supra. Thus, while River Valley stated that defendant

Copeland was eligible to be added to an interstate commercial

motor vehicle policy, this is (at most) equivalent to merely

placing a product into the stream of commerce without any

purposeful direction of that product towards the forum state.

The action of a third party, defendant J&TS, directed defendant

Copeland to enter and drive in West Virginia, and does not

subject River Valley to specific personal jurisdiction in West

Virginia. See Walden v. Fiore, 571 U.S. 277, 284 (2014) ("[T]he

relationship [between the defendant, the forum, and the

litigation] must arise out of contacts that the "defendant

himself" creates with the forum State." (citations omitted)).

Therefore, plaintiffs have not met their burden of making a

prima facie case that River Valley purposefully availed itself

of the privilege of conducting activities in West Virginia. See

Universal Leather, LLC v. Koro AR, S.A., 773 F.3d 553, 559 (4th

Cir. 2014). As plaintiffs have failed to satisfy this first

prong of the Universal Leather test, this court need not analyze

the second and third prongs of the specific personal

jurisdiction analysis before concluding that River Valley is not

subject to the personal jurisdiction of this court. See

Consulting Eng'rs Corp., 561 F.3d at 278 ("If, and only if, we

find that the plaintiff has satisfied this first prong of the

test for specific jurisdiction need we move on to a

consideration of prongs two and three.").

IV. **Jurisdictional Discovery**

Plaintiffs request that, if this court concludes that

plaintiffs have not established a prima facie case of personal

jurisdiction over River Valley, plaintiffs be afforded the

opportunity to conduct jurisdictional discovery "to learn the

full nature and extent of River Valley's commercial contacts"
with West Virginia.  (ECF No. 116, at p.2.)  The court **DENIES**
that request for the following reasons.

### A. Standard for Granting Jurisdiction Discovery

"A federal district court uncertain about its personal
jurisdiction over a defendant may, in its discretion, grant
discovery for the limited purpose of determining whether
exercising personal jurisdiction is proper."  Estate of Alford
v. Fuji Heavy Indus., Ltd., 2016 WL 756489, at *1 (S.D.W. Va.
Feb. 25, 2018) (citing Carefirst of Maryland, Inc. v. Carefirst
Pregnancy Ctrs., Inc., 334 F.3d 390, 402 (4th Cir. 2003)).  "'If
a plaintiff presents factual allegations that suggest with
reasonable particularity the possible existence of the requisite
contacts between the party and the forum state, the plaintiff's
right to conduct jurisdictional discovery should be sustained.'"
Estate of Alford v. Fuji Heavy Indus., Ltd, 2016 WL 756489, at
*1 (S.D.W. Va. Feb. 25, 2016) (quoting ; Toys "R" Us, Inc. v.
Step Two, S.A., 318 F.3d 446, 456 (3d Cir. 2003)).  However,
"the decision of whether or not to permit jurisdictional
discovery is a matter committed to the sound discretion of the
district court," and "where . . . the plaintiff simply wants to
conduct a fishing expedition in the hopes of discovering some
basis of jurisdiction," the district court is well within its

discretion to deny jurisdictional discovery.  Base Metal Trading
v. Ojsc Novokuznetsky Aluminum Factory, 283 F.3d 208, 216 n.3
(4th Cir. 2002).  Thus, "[w]hen a plaintiff offers only
speculation or conclusory assertions about contacts with a forum
state, a court is within its discretion in denying
jurisdictional discovery."  Carefirst, 334 F.3d at 402.

**B. Analysis**

Even after construing all inferences in plaintiffs' favor,
plaintiffs have offered merely speculative and/or conclusory
assertions that River Valley has sufficient contacts with West
Virginia for this court to assert personal jurisdiction over
River Valley.  Plaintiffs have done no more than simply state
that River Valley has contacts with West Virginia, and have
offered no concrete examples of River Valley's contacts with the
forum state.[5]  Compare Brighter Sky Prods., LLC v. Marriott
Int'l, Inc., 2018 WL 2248601, at *7 (S.D.W. Va. May 16, 2018)
(finding that the plaintiff's claims regarding personal
jurisdiction were merely conclusory where the plaintiff offered
no concrete, meaningful contacts with the forum outside of the
defendant's website, and that plaintiffs' claims do not arise

---

[5] Other than the website and the 0.000006% of revenue, which this
court addressed earlier, see supra Part III.B, and were also
first mentioned not by plaintiffs, but by River Valley itself.
See supra Part I.C.

out of any asserted contacts in any event), with Farrar v.
Cessna Aircraft Co., 2018 WL 5891751, at *4 (S.D.W. Va. Nov. 9,
2018) (granting jurisdictional discovery where plaintiffs
offered "concrete examples" of contacts with the forum state,
such as defendants making "millions of dollars in revenue in
West Virginia . . . [being] registered with the State of West
Virginia for the purpose of conducting business . . . and
advertis[ing] in and solicit[ing] business from West Virginia").[6]
Moreover, allowing jurisdictional discovery would largely amount
to a wasteful fishing expedition, as plaintiffs do not
articulate any specific facts they anticipate to uncover; in
fact, plaintiffs do not even suggest any general lines of
inquiry they might pursue beyond getting to "jurisdictional
issues" and questioning Mr. Friedel about his affidavit. (ECF
No. 116, at p.3.) Plaintiffs merely hope to uncover some
information that would aid them in asserting jurisdiction. In
such a case, the court declines to authorize such a fishing

---

[6] It also appears that in other cases where courts have granted
jurisdictional discovery, plaintiffs have met prong (1) of the
Universal Leather test by showing some sufficient minimum
contacts between defendant and the forum state, but are
struggling to meet prongs (2) and (3) by showing how the
particular cause of action in the case is connected to the
defendant's contacts with the forum state. The decisions cited
here, Farrar and Brighter Sky, demonstrate this distinction.

expedition, and so **DENIES** plaintiffs' request to conduct jurisdictional discovery.

## V.  Conclusion

Based on the foregoing analysis, the court finds that plaintiffs have not met their burden of making a prima facie showing that River Valley purposefully directed activities at West Virginia or purposefully availed itself of the privilege of doing business here such that the exercise of jurisdiction would be reasonable.  Nor have plaintiffs shown that granting jurisdictional discovery is appropriate here.  It is therefore necessary to dismiss River Valley from this action for want of personal jurisdiction.  As such, and for the reasons expressed above, defendant River Valley's motion to dismiss, (ECF No. 98), is **GRANTED**.  Defendant River Valley is further **DISMISSED** from this case with prejudice.

The Clerk is directed to send copies of this Memorandum Opinion and Order to all counsel of record.

IT IS SO ORDERED this 16th day of March, 2020.

Enter:

David A. Faber
Senior United States District Judge