```
         IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT BLUEFIELD
```

Clinton Eugene Gilley, as Administrator
of the Estate of CARL DAVID GILLEY,
Nicole Leigh Le, as Administrator of the
Estate of CHRISTINE TARA WARDEN GILLEY,
and Clinton Eugene Gilley and Nicole
Leigh Le as Co-Administrators of the
Estates of J.G. and G.G., minor children,

    Plaintiffs,

v.                              CIVIL ACTION NO. 1:18-00536

C.H. ROBINSON WORLDWIDE, INC.,
J&TS TRANSPORT EXPRESS, INC.,
and BERTRAM COPELAND,

    Defendants.

## **MEMORANDUM OPINION AND ORDER**

    Pending before the court is the motion of defendant C.H. Robinson ("Robinson") to bifurcate this trial into liability and damages phases. (ECF No. 302.)  Robinson contends that, given the extensive and emotional evidence expected to be presented in support of damages, this case is well suited for bifurcation, and the court should exercise its broad discretion under Federal Rule of Civil Procedure 42(b) to order bifurcation.  Plaintiffs argue that Robinson has not met its burden of showing that a departure from the usual practice of trying liability and damages issues together is warranted here.  While the court recognizes its broad discretion to order bifurcation, it

believes that holding a single trial is the better option here. Accordingly, the court will deny the motion.

In pertinent part, Rule 42(b) provides: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Federal trial courts have broad discretion in determining the "case-specific procedural matter" of whether to bifurcate a trial. See McKiver v. Murphy-Brown, LLC, 980 F.3d 937, 974 (4th Cir. 2020). "The party requesting separate trials bears the burden of convincing the court that such an exercise of its discretion will (1) promote greater convenience to the parties, witnesses, jurors, and the court, (2) be conducive to expedition and economy, and (3) not result in undue prejudice to any party." Id. at 975.

Robinson argues that the jury should have the opportunity to assess liability with a clear mind unclouded by damages evidence, which in this case is expected to be particularly moving. In principle, this is a good argument. It carries more weight, however, in a case where liability as to all defendants is hotly contested and emotions could sway a jury to find liability at all. Here, it appears that what is hotly contested is not whether any defendant is liable, but the appropriate apportionment of liability among various defendants and

2

nonparties. While eliminating all evidence of damages may still give jurors the most undistracted view of the liability evidence, it is not obvious that the emotional testimony on damages will make the jury more likely to apportion fault to one defendant (or nonparty) over another.

As to the expedition and economy factor, it gives the court pause that the potential elimination of the damages phase is based on a prediction that the case will settle if Robinson is not apportioned any fault. However reasonable this prediction may be, it is by nature somewhat speculative. So this factor is not strongly in favor of bifurcation.

Finally, plaintiffs' representation that a bifurcated trial will disrupt their current travel bookings and add a layer of uncertainty as to when they need to appear carries some weight.[1] While it does not amount to undue prejudice, the disruption is inconsistent with promoting convenience of the parties and witnesses.

Robinson's best argument is that evidence of damages will be a distraction from the liability issues, which must be

---

[1] If the motion to bifurcate had been filed sooner, the argument regarding travel arrangements would carry less weight. See Phillips & Stevenson, Rutter Group Prac. Guide: Fed. Civ. Pro. Before Trial (Nat Ed.), Ch. 16-C (2021) ("A party seeking bifurcation should request relief as soon as the need becomes apparent. Delay may be a factor affecting the court's exercise of discretion.").

decided first.  But for the foregoing reasons, the risk of prejudice is not particularly great here despite the nature of the expected damages testimony.  And whatever risk there is in theory, the court "has no reason to believe that the jury seated in this case will be unable or unwilling to properly distinguish between evidence pertaining to liability and evidence pertaining to damages."  See Collier v. Land & Sea Rest. Co., No. 7:13CV00104, 2015 WL 6126476, at *4 (W.D. Va. Oct. 16, 2015). Accordingly, and because plaintiffs present countervailing reasons to adhere to the default method of trying liability and damages together, the court **DENIES** the motion to bifurcate (ECF No. 302).

    The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.

    **IT IS SO ORDERED** this 18th day of March, 2022.

                                       ENTER:

                                       David A. Faber
                                       Senior United States District Judge