```
        IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT BLUEFIELD
```

Clinton Eugene Gilley, as Administrator
of the Estate of CARL DAVID GILLEY,
Nicole Leigh Le, as Administrator of the
Estate of CHRISTINE TARA WARDEN GILLEY,
and Clinton Eugene Gilley and Nicole
Leigh Le as Co-Administrators of the
Estates of J.G. and G.G., minor children,

    Plaintiffs,

v.                              CIVIL ACTION NO. 1:18-00536

C.H. ROBINSON WORLDWIDE, INC.,
J&TS TRANSPORT EXPRESS, INC.,
and BERTRAM COPELAND,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiffs' motion to exclude a supplemental expert report. (ECF No. 300.) Plaintiffs argue that the supplement is over a year late and not substantially justified or harmless. They further argue that, regardless, the supplement does not resolve a Daubert problem with the causation opinion in the report and should be construed as an unavailing motion for reconsideration of the court's previous Daubert ruling.

Defendant C.H. Robinson ("Robinson") argues that the supplement is not a motion for reconsideration; rather, it is an elaboration on the methodology that the expert used to

incorporate new, additional data into his analysis. Further, Robinson argues that timing is excusable, substantially justified, and harmless, and that exclusion would be inconsistent with the standards this court has applied previously in this case. Finally, Robinson argues that there is no Daubert problem with the supplement even though it provides an opinion on specific causation of the lack of a median barrier, which the court found previously not to be the product of a sufficient methodology.

## I. Background

The court will assume familiarity with the factual background of this case and limit this section to the relevant procedural history. Plaintiffs filed this case on April 6, 2018 (nearly four years ago). Trial and related deadlines have been continued numerous times. Like many others, this case had the misfortune of being pending during the COVID-19 pandemic (and resulting restrictions on jury trials) and the added misfortune of (at one point) being scheduled for trial while the court was in the midst of a forty-day trial in another matter. Most recently, trial was continued upon Robinson's request, over plaintiffs' strenuous objection, one day before trial was set to begin. Trial is now set to begin on April 12, 2022.

Robinson's expert Thomas M. Lyden ("Lyden") served his second supplemental report ("second supplement") on plaintiffs

2

on February 8, 2022, about six weeks before trial was then set to begin. Plaintiffs filed the instant motion to exclude the second supplement on February 22, 2022. It was fully briefed as of March 11, 2022.

This is not the first motion regarding an expert's purported supplemental report in this case. On November 23, 2020, Robinson filed a motion to strike a purported supplemental report of one of plaintiffs' experts. At that time, trial was set for February 17, 2021. While the motion was pending, trial was continued to July 20, 2021, and again to September 14, 2021.

In ruling on that motion, the court assumed without deciding that the expert report was not a proper supplement because it included a new opinion.[1] (See ECF No. 257, at 9.) In applying Federal Rule of Civil Procedure 37(c), the court declined to make a finding as to whether the lateness of the report was substantially justified. (See id. at 12.) Rather, the court rested its denial of Robinson's motion on a finding that the lateness of the motion was harmless given the amount of time remaining until trial at all relevant times, the responsibility of litigants to attempt to mitigate claimed surprise, and the court's decision to reopen discovery to cure the potential prejudice. (See id. at 14-15.)

---

[1] As a supplement, it would have been timely.

**II. Analysis**

There are two separate but related issues relating to the second supplement: one evidence-based, one civil-procedure-based. The evidence-based issue concerns the effect of the court's previous Daubert ruling regarding Lyden's causation opinion. The civil-procedure-based issue is whether the supplement is permissible under Rule 37.[2]

    **a. Daubert**

It is not perfectly clear whether Lyden's second supplement is intended to get around the Daubert problem with his specific causation opinion that the court identified previously. (See ECF No. 296, at 17-21.) The court has ruled that Lyden may not provide an opinion about whether, under the specific facts of this case (the variables informing the physics of how the tractor-trailer would have interacted with a median barrier), the lack of a barrier[3] caused the collision. (See id.) Essentially, this was because the court could not discern a

---

[2] Plaintiffs have moved for exclusion under both Rule 16 and Rule 37. Because the analysis is essentially the same here under either rule, and because Robinson does not contend otherwise, the court will do the analysis under Rule 37.

[3] The first iteration of Lyden's opinion appeared to deem a cable, concrete, or beam guardrail sufficient. The second iteration lacked clarity on whether all three would be sufficient. The third iteration, now, says that because a "median guardrail" has been effective to date, it would have "changed the outcome of the subject incident had it been in place." (ECF No. 300-4, at 4.)

4

methodology that appropriately examined the data necessary to determine how a particular barrier would have interacted with the force of the tractor-trailer here. The court distinguished between an opinion on the general effectiveness of barriers, which the court assumed Lyden's methodology reached, and the specific causation opinion that his report offered.

Even if it were permitted under Rule 37, the second supplement does not enable Lyden to offer his specific causation opinion (in any of its three iterations). At most, the second supplement bolsters Lyden's methodology for opining as to the general effectiveness of barriers and why certain West Virginia agencies should have installed one here. To the extent the supplement purports to cure the Daubert deficiency previously identified, it fails to do so.

Robinson does not concede the persistence of a Daubert deficiency with the second supplement, but it argues that, even if it does persist, Lyden's supplement furthers his admissible testimony:

> Mr. Lyden's opinion serves to help educate the jury regarding why median barriers are utilized, evidence which is of assistance to the jury in addressing whether the Parkways Authority is at fault. Even without offering an opinion on the ultimate issue of causation in this instance, Mr. Lyden should be permitted to teach the jury about highway safety protocols, the reasons for median barriers and accepted methodologies utilized for evaluating the effectiveness of a chosen countermeasure to address problematic roadways.

5

(ECF No. 306, at 4.)  The court does not discern a Daubert problem with Lyden teaching the jury about barrier effectiveness in general.  What Lyden still cannot do, under Daubert and Federal Rule of Evidence 702, is offer an opinion on how a given barrier would have affected the trajectory of the tractor-trailer's path here.[4]

### b. Federal Rule of Civil Procedure 37

When a party has failed to make disclosures required under Rule 26(a), Rule 37(c) provides that "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial . . . ."  But there are two exceptions: "(1) when the failure to disclose is 'substantially justified,' and (2) when the nondisclosure is 'harmless.'" Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 596 (4th Cir. 2003)(quoting Fed. R. Civ. P. 37(c)).  "The Advisory Committee viewed these provisions as 'coupled' and designed 'to avoid unduly harsh penalties.'"  8B Charles Alan Wright & Arthur R. Miller, et al., Federal Practice and Procedure § 2289.1 (3d ed.).

---

[4] Robinson believes that it may be able to bridge the specific causation gap by the time it rests.  The court offers no opinion on this issue but affirms its previous exercise of discretion to let the evidence play out before ruling on whether Robinson has failed to establish nonparty fault of the West Virginia Agencies as a matter of law.

6

The burden to show justification or harmlessness under Rule 37(c) lies with the party facing sanctions. S. States, 318 F.3d 592, 596 (citing Wilson v. Bradlees of New England, Inc., 250 F.3d 10, 21 (1st Cir. 2001)). District courts enjoy broad discretion in evaluating whether one of these exceptions applies to a particular case. Id. at 597; Disney Enterprises, Inc. v. Kappos, 923 F. Supp. 2d 788, 796 (E.D. Va. 2013), 923 F. Supp. 2d at 796. In making this determination, the following factors should be considered:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of the party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

S. States, 318 F.3d at 597.

Discovery sanctions serve both to remedy present rule violations and to deter future violations. Since the 1980s, courts have justified harsh sanctions in the name of deterrence. Federal Practice and Procedure § 2284. But despite this longstanding trend, "it seems fitting that courts should make the punishment fit the crime and should take care not to impose a drastic sanction that will prevent adjudication of a case on its merits except on a clear showing that this course is required." Id.

Robinson has not met its burden of showing that the second supplement is substantially justified. Robbinson argues that, when the tables were turned and Robinson was the one seeking exclusion of an untimely expert report, the court found the report "excusable," and fairness requires that Robinson receive the same "leeway." (See ECF No. 306, at 5.) To the extent Robinson is suggesting that the court found the previous untimely report substantially justified, that is incorrect. In fact, noting it was a close call, the court exercised its discretion not to reach the question of substantial justification because the untimeliness in that situation was harmless.

The second supplement purports to be an update based on information described as "new material" and "additional discovery material." (ECF No. 300-4, at 2.) Particularly, Lyden reviewed crash reports for October 7, 2019, to January 25, 2022. In Lyden's <u>first</u> supplement, however, he states that he reviewed what appears to be the same crash data for "2009-2020." (See ECF No. 300-3.) Also, the date range for the "new material" goes back just far enough to include the date of the one tractor-trailer incident post-dating the collision here, which occurred October 8, 2019. The argument that the second supplement is justified based on a need to account for new information, then, is unconvincing. It is true that Lyden could

8

not update his report to include all possibly relevant accident data until close to trial, but the problem is that much of the data is not new, including the tractor-trailer incident.

Neither has Robinson shown that the timing is harmless. The second supplement appeared less than two months before trial.[5]  The court had already ruled on a Daubert motion concerning Lyden's opinions.  The second supplement is cast as a clarification of Lyden's methodology, but that seems to be a stretch given that he did not previously mention the October 8, 2019 tractor-trailer incident in his original report of April 2, 2020, or his first supplement of October 7, 2020.  Notably, Robinson does not suggest a way to remedy the surprise to plaintiffs, nor is a remedy readily apparent to the court. Allowing the extensive revisions in the second supplement so late in the day would be unfairly prejudicial.

On the other hand, the October 8, 2019 incident involving a tractor-trailer has been known to plaintiffs for a long time, and the court has ruled that it is admissible.  (See ECF No. 325, at 10-11.)  Therefore, allowing Lyden to testify that the October 8, 2019 incident illustrates his contention regarding the general effectiveness of median barriers does not seem unduly prejudicial to plaintiffs.  Plaintiffs will be afforded

---

[5] With extreme reluctance, the court recently continued the trial, but it is still less than two months away.

9

wide latitude on cross-examination to attempt to show why this data point is unremarkable.[6]

### III. Conclusion

This court prefers trial on the merits whenever the rules so permit and has endeavored in its rulings hitherto to promote that preference.  At the same time, the court is fully cognizant of the need to avoid unfair prejudice, as evidenced, for example, in its recent ruling foreclosing plaintiffs from asserting claims for pre-death terror on behalf of decedent Mrs. Gilley because the untimely disclosure of those claims was unfairly prejudicial to defendants.  (See ECF No. 325, at 31-32.)  The assertion of that claim, like the appearance of the second supplement, came too late in the day.

For the reasons stated above, the Motion to Exclude Defense Expert Thomas Lyden's Second Supplemental Report (ECF No. 300) is **GRANTED**.  Nevertheless, neither the boundaries of Daubert nor a scope of Lyden's operative report would appear to take all testimony regarding the general effectiveness of median barriers off the table, and it likewise does not appear unfairly prejudicial to allow Lyden to testify regarding the October 8, 2019 tractor-trailer incident near Mile Post 21.

The Clerk is directed to send a copy of this Memorandum

---

[6] This also would open the door to plaintiffs' competing illustration:  the Gainesville video.  (See ECF No. 325, at 25.)

Opinion and Order to counsel of record.

**IT IS SO ORDERED** this 23rd day of March, 2022.

ENTER:

*David A. Faber*

David A. Faber
Senior United States District Judge

11